# EXHIBIT A
# Civil Action No. 19-0052 (RC)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADVANCEMENT PROJECT,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | Civil Action No. 19-0052 (RC) |

## MOTION TO COMPEL STATE TO PRODUCE A *VAUGHN* INDEX

Plaintiff Advancement Project ("Plaintiff" or "AP"), through its counsel, respectfully moves to compel Defendant United States Department of State ("Defendant" or "State") to produce a detailed *Vaughn* Index that explains its withholding of several categories of documents AP believes are wrongfully and unjustifiably withheld in violation of the Freedom of Information Act ("FOIA").

Pursuant to LCvR 7(m), on September 28, 2020, counsel for AP requested to schedule a meet-and-confer to determine whether there would be any opposition to the relief sought and to narrow the areas of disagreement. State declined the request on that same day. As detailed more fully below, this Motion represents the culmination of months, and in some respect, years, of efforts by Plaintiff to amicably overcome State's studied refusal to make even minimal efforts to comply with the requirements of the Freedom of Information Act with respect to an issue that is plainly of public importance.

In support of this Motion, AP states as follows:

**STATEMENT OF POINTS AND AUTHORITIES**

The purpose of the instant Motion is to enable the parties to seek summary judgment so that this long-pending FOIA case can be brought to a just and reasonable closure. Prior to this Motion, AP separately filed a companion motion to compel a complete *Vaughn* Index against the United States Immigration and Customs Enforcement ("ICE"). *See* ICE Motion to Compel, ECF Doc. No. 30. The only other defendant is the Department of Homeland Security ("DHS"). We do not see the need for a motion to compel from DHS because it is our expectation that the resolution of this Motion, the companion motion, and the ensuing motion for summary judgment will suffice to satisfy the terms and purposes of the FOIA.

The facts of these proceedings have been detailed extensively in our companion motion and reply motion and do not bear exhaustive repetition here. In short, AP filed a FOIA request with State, DHS, and ICE (collectively, "Federal Agencies") specifically seeking documents that set forth (i) the standards that had been adopted for determining inclusion in the 2017 Visa sanctions program, and (ii) how and by whom determinations under such standards were to be made. The search requests were limited for the period of January 1, 2017 through November 30, 2017, and were narrowly tailored to records and documentation pertaining to four specific countries: Cambodia, Eritrea, Guinea, and Sierra Leone. Apart from the obvious question as to the criteria that led these countries and no others to be named publicly, the request was limited to ascertaining why the Visa sanction policy seemingly only applied to three sub-Saharan countries and one country in Southeast Asia.

Notwithstanding these limited requests, the Federal Agencies have been less than responsive, as outlaid by our companion motion and reply. The need to file for *Vaughn* Indices on a piecemeal basis is regrettable but necessary, due in part to operational hurdles posed by the pandemic, but in

larger part due to the Government's refusal to provide a reasonable deadline as to when its search for documents will conclude. Indeed, this subterfuge is laid bare when one considers how the Government went from the position of there being *no* documents relevant to AP's requests, to locating and producing several hundred relevant (albeit heavily redacted or entirely withheld) documents in the short months following the filing of this suit. This progression of events makes it very difficult to accept the Government's claim that it will take years to complete review of Counselor Records, given the very narrow scope of the requests and the fact that this timing issue was raised, for the first time, nearly three full years after the request was filed.

## ARGUMENT

### I. Without a *Vaughn* Index, State Does Not Satisfy Its Burden to Justify Withholding Documents.

Under the FOIA, an agency may withhold documents responsive to a FOIA request *only if* the responsive documents fall within enumerated statutory exemptions. *See* 5 U.S.C. § 552(b). The agency bears the burden of justifying any withholding, and courts have long recognized that the FOIA establishes a "strong presumption in favor of disclosure." *Chiquita Brands Intern. Inc. v. S.E.C.*, 805 F.3d 289, 294 (D.C. Cir. 2015) (internal quotation marks and citation omitted). Blanket, conclusory claims of exemptions or privilege are inadequate. *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 955 F. Supp. 2d 4, 15 (D.D.C. 2013). As AP has abundantly shown in its companion motion and reply, the burden is on the agency to provide sufficiently detailed justifications to "afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding." *King v. U.S. Dep't of Justice*, 830 F.2d 210, 218 (D.C. Cir. 1987); *Campaign For Responsible Transplantation v. U.S. Food & Drug Admin.*, 219 F. Supp. 2d 106, 111 (D.D.C. 2002) (internal quotation marks omitted).

The Government does not appear to dispute the rules that apply to the Court's assessment of the applicable standards governing *Vaughn* Indices. Instead, it seeks to avoid addressing the merits of our companion motion and reply by asserting that a *Vaughn* Index should only be ordered in the context of a motion for summary judgment, and thereby implies that AP bears the burden of seeking summary judgment. However, as our reply in the ICE proceeding makes clear, the Government's attempt to circumvent the purposes of a *Vaughn* Index finds no support in the case law of this Court or others.

II. **State Does Not Meet Its Burden to Withhold Documents Under FOIA Exemption 5.**

The State Department has withheld the majority of its documents under FOIA Exemption 5. Exemption 5 permits the withholding of "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). For a document to be properly withheld under Exemption 5, the document at issue must satisfy two conditions: (i) "'its source must be a Government agency, and [(ii)] it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it.'" *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 928 F. Supp. 2d 139, 149 (D.D.C. 2013) (quoting *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8, 121 S.Ct. 1060, 149 L.Ed.2d 87 (2001)). Examples of those privileges include the attorney-client privilege and the deliberative-process privilege. Of what AP can surmise without a Vaughn Index, State seems to invoke the deliberative-process privilege which "'protects agency documents that are both predecisional and deliberative.'" *Elec. Privacy Info. Ctr.*, 928 F. Supp. 2d at 149 (quoting *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006)). The theory behind the exemption is that the Government should not be required to consider and formulate policy in a fishbowl in full public view. The theory is perfectly valid.

4

The only issue here is whether the exemption applies. The withholding agency bears the burden of identifying the deliberative process at issue. *See Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980).

While there has been comparative improvement in the manner in which disclosures have been made in the most recent tranche of documents produced by State, this may well be attributable to the fact that this tranche of 107 documents was released to AP 10 days after the pleading cycle on the ICE Motion to Compel was complete. In any event, although AP now has some idea of what the documents are about, the substance in each case has been redacted. Without a *Vaughn* Index, AP is left to speculate as to the Government's invocation of Exemption 5. As it appears, the Government seems to rest on the theory that the deliberative process protects documents in perpetuity even when basic information about the documents is public. It may well be that there are parts of the State Department documents that would be "normally privileged" in civil litigation, but the fact is that the Visa sanction policy was adopted in 2017, and we have shown that essential facts about the policy were made known to Congress and came to the attention of public interest groups since then. *See* ICE Motion to Compel, ECF Doc. No. 30 at 7-8. Yet the only parts of the State documents that have not been redacted are the pieces that tell us the general topic of the document and to whom it was addressed.

For example, in the recent production of State documents, State supplied various iterations of draft memorandums to the Secretary of State that are heavily redacted to the point of being completely irrelevant. Specifically, in one such memorandum dated August 2, 2017 from Edward Ramotowski to the Secretary, with a subject heading that is also redacted, it states, "Visa Sanctions Options [redacted] and Cambodia's Removal Cooperation Status." Following the subject heading, nearly the entirety of the memorandum is redacted except for a heading that states "Cambodia's

5

Removal Cooperation Status." Two additional drafts of the above-mentioned memorandum are supplied with slight variations and even further redactions. Notably, in the third draft the subject states, "Visa Sanctions Options for [redacted] and Cambodia's Removal [redacted] Status," and in the final version of the memorandum it states, "Sanctions Options [redacted] and Cambodia's Removal Status." In another heavily redacted memorandum provided that is dated August 14, 2017, from Edward Ramotowski and Karin King, the subject is "Call to Acting Secretary of U.S. Department of Homeland Security." With only the "recommendation, purpose, and background" sections identified, no other information is provided. With over five different draft versions provided, no substantive information is provided, but country names are eventually and selectively disclosed. In the fifth iteration of the memorandum, the subject heading is modified disclosing additional information, which states "Call to Acting Secretary of U.S. Department of Homeland Security Regarding Temporarily Discontinuing the Issuance of Visas to Officials and Employees of the Government of Guinea and Sierra Leone." This arbitrary disclosure should be explained analogous to the August 2, 2017 memorandum.

State cannot in good faith deny that the memorandums explain the sanctions and that the program itself is the core of the redacted portion. Arbitrarily withholding these portions without identifying a privilege runs afoul of the essential tenets of the FOIA. To the extent State may argue that the draft memorandums are protected, AP responds as it did in the ICE Motion to Compel:

> "It is well established that documents labeled as 'draft' are not automatically predecisional. And whether a document is predeliberative is in part based on whether it makes recommendations or expresses opinions on legal or policy matters. [State]'s [presumptive] withholdings under Exemption 5 do not permit any sort of meaningful evaluation of either threshold. AP further submits that the public information that AP discovered and spelled out in its memorandums makes it impossible for AP or the Court to accept the broad and unexplained claims of exemption under Exemption 5 at face value." ECF Doc. No. 30 at 7.

6

### III. State Does Not Meet Its Burden to Withhold Documents Under FOIA Exemption 6.

The State production documents also reference Exemption 6 in numerous areas. Simply put, these rote invocations of Exemption 6 are a red herring and fail to further this exemption's intended effect of preventing a "clearly unwarranted invasion of personal privacy" for certain government personnel. There is nothing in the AP Request that would suggest any interest in the personnel or personal matters of any individual involved in the formation or execution of the Visa sanctions program. Moreover, AP has repeatedly indicated to the Government that any such Personally Identifiable Information can and should be redacted.

### CONCLUSION

In the interest of bringing this three-year-long saga to a just conclusion, AP intends to pursue summary judgment at the earliest possible time. However, this will be exceedingly difficult without a properly specified *Vaughn* Index. Both ICE and State have revealed a troubling pattern of delay tactics and obfuscation by consistently invoking exemptions solely for the purpose of avoiding the need to disclose information that responds to AP's Requests.

For these reasons, the Court must compel State to produce a full *Vaughn* Index. Without a *Vaughn* Index, AP cannot fully discern what records State is withholding and on what basis. Moreover, AP does not have enough information about the withheld records to know whether its Requests could be reasonably narrowed further at the expense of AP's right to access public records. The documents AP seeks here are of utmost public interest and importance. In all of the circumstances, AP respectfully urges the Court to require the production of a full and final *Vaughn* Index not more than 14 days after the entry of the enclosed proposed Order.

Dated: October 30, 2020

Respectfully submitted,

*/s/ Ian D. Volner*
Ian D. Volner, DC Bar #117309
IDVolner@venable.com
Venable LLP
600 Massachusetts Ave. NW
Washington, DC 20001


*/s/ Losmin Jimenez*
Losmin Jimenez, D.C. Bar #198691
Project Director and Senior Attorney
for Immigrant Justice
ADVANCEMENT PROJECT
1220 L Street, NW, Suite 850
Washington, DC 20005
Telephone: (202) 728-9557
LJimenez@advancementproject.org

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October, 2020, a copy of the foregoing was served via the Court's electronic filing system (ECF) on the following:

JOHNNY H. WALKER
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
johnny.walker@usdoj.gov

                                                */s/ Ian D. Volner*
                                                Ian D. Volner, DC Bar #117309
                                                IDVolner@venable.com
                                                Venable LLP
                                                600 Massachusetts Ave. NW
                                                Washington, DC 20001

                                                */s/ Losmin Jimenez*
                                                Losmin Jimenez, D.C. Bar #198691
                                                Project Director and Senior Attorney
                                                for Immigrant Justice
                                                ADVANCEMENT PROJECT
                                                1220 L Street, NW, Suite 850
                                                Washington, DC 20005
                                                Telephone: (202) 728-9557
                                                LJimenez@advancementproject.org

                                                *Counsel for Plaintiff*