UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADVANCEMENT PROJECT,<br><br>               *Plaintiff*,<br><br>     v.<br><br>U.S. DEPARTMENT OF<br>HOMEALND SECURITY, *et al.*,<br><br>             *Defendants*. | Civil Action No. 19-0052 (RC) |

**OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AND REPLY
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

 

CHANNING D. PHILLIPS
*Acting United States Attorney*

BRIAN P. HUDAK
*Acting Chief, Civil Division*

JOHNNY H. WALKER
*Assistant United States Attorney*

United States Attorney's Office
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
johnny.walker@usdoj.gov

October 29, 2021                                                                       *Counsel for Defendant*

# **CONTENTS**

*Page*

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 1

I.      The Department of State properly withheld exempt information. ..................................... 1

          A.    Exemption 5 ................................................................................................... 1

          B.    Exemption 7(E) ............................................................................................... 4

II.     ICE properly withheld exempt information. ..................................................................... 6

CONCLUSION .................................................................................................................... 8

# **AUTHORITIES**

*Page(s)*

*Advancement Proj. v. Dep't of Homeland Sec.*,
  — F. Supp. 3d —, 2021 WL 3036723 (D.D.C. July 19, 2021) ........................................ 3, 4, 5

*Jud. Watch, Inc. v. Dep't of State*,
  306 F. Supp. 3d 97 (D.D.C. 2018) ........................................................................................ 7

*Knight First Amend. Inst. at Columbia Univ. v. Dep't of Homeland Sec.*,
  407 F. Supp. 3d 311 (S.D.N.Y. 2019) ................................................................................ 5, 6

*Simon v. Dep't of Just.*,
  980 F.2d 782 (D.C. Cir. 1992) ............................................................................................... 2

**INTRODUCTION**

Defendants' opening brief and supporting declarations explained in detail the legal and factual bases for each of the disputed withholdings by the Department of State and U.S. Immigration and Customs Enforcement ("ICE"). Advancement Project's response is cursory in most respects (consisting of a bare rejection with no exposition) and misdirected in others (ignoring the actual, asserted bases for the withholdings). The Court should reject these feeble and inapplicable arguments and enter summary judgment in favor of the Department of State and ICE.

**ARGUMENT**

As explained in the opening brief, currently at issue in this case are (1) withholdings by the Department of State in response to a narrowed FOIA request from Advancement Project seeking only certain cables and diplomatic correspondence and (2) ICE's withholdings from a handful records about which the Court requested supplemental information. The Department of State and ICE demonstrated in their opening brief why those withholdings are proper, and Advancement Project fails to undermine that showing.

**I.      The Department of State properly withheld exempt information.**

Advancement Project does not dispute the Department's withholdings under Exemptions 1 and 6. Consequently, all that remains are the Department's nonoverlapping withholdings under Exemptions 5 and 7(E). Advancement Project fails to undermine the sound bases for those withholdings.

   A.      Exemption 5

The Department of State withheld deliberative information from only three documents. The withheld information falls into two categories. *First*, the Department withheld a total of three sentences from two cables comprising an assessment of certain Guinean officials regarding repatriation and removal issues and are meant to provide candid and potentially sensitive analysis

to inform the Department's deliberations regarding next steps. Dkt. 64-1 at 23.[1] *Second*, the Department withheld a parenthetical comment providing candid and potentially sensitive analysis to inform the Department's next diplomatic steps regarding Cambodian officials. *Id.* at 24. Advancement Project fails to show that either of these tailored withholdings was improper.

As an initial matter, Advancement Project waived any challenge to the second withholding of the parenthetical comment in the Cambodia cable. The Department withheld this same information under Exemption 1 because it is properly classified in addition to being deliberative, Dkt. 64-1 at 24, Dkt. 64-3 at 19, and, as noted, Advancement Project has declined to challenge any of the Department's withholdings under Exemption 1. Dkt. 68 at 11 ("AP has elected not to contest those documents or those pages of documents, as to which Exemptions 1, 3, and 6 have been invoked.").

Notwithstanding this concession, Advancement Project contends that it should not be considered to have waived any arguments regarding the Department of State's Exemption 5 withholdings because, according to Advancement Project, "it is virtually impossible" to ascertain where there are overlapping redactions. *Id.* That is clearly not so. The Department of State repeatedly and explicitly stated that the parenthetical commentary in the cable from the Embassy in Phnom Penh "is also being withheld as classified under Exemption 1." Dkt. 64-1 at 24; *see also* Dkt. 64-3 at 19 (stating that the parenthetical comment withheld under Exemption 1 is "withheld additionally under FOIA Exemption 5"). In any event, any challenge to the Exemption 5 basis for withholding the parenthetical is moot because the Court can uphold that withholding based on the conceded Exemption 1 justification alone. *See Simon v. Dep't of Just.*, 980 F.2d 782, 785 (D.C. Cir.

---

[1]  Page references following a docket number are to the numbers generated by the ECF system and displayed in the upper right corner of the page.

1992) (finding records exempt from FOIA under one exemption and declining to address any other).

Even if not partially waived, Advancement Project's challenge to the Department of State's Exemption 5 withholdings fails. Indeed, Advancement Project's cursory and misdirected arguments do not directly address the Department's stated justifications for its withholdings at all. *First*, Advancement Project contends that any documents post-dating the Department of Homeland Security's September 10, 2017, announcement of visa sanctions are ipso facto post-decisional. Dkt. 68 at 11, 18. This is both wrong and irrelevant. It is wrong because, as the Court recognized in rejecting Advancement Project's earlier, identical argument, the mere fact that a document postdates the announcement of visa sanctions does not mean that it is post-decisional where, as here, it relates to other nonfinal agency decisions. *See Advancement Proj. v. Dep't of Homeland Sec.*, — F. Supp. 3d —, 2021 WL 3036723, *4 (D.D.C. July 19, 2021). Advancement Project's argument is also irrelevant because the cables from which the Department redacted information, in fact, all predate the visa announcement. The cables from Guinea were sent in January and March of 2017, Dkt. 64-3 at 15, and the cable from Cambodia was sent in August 2017, Dkt. 64-3 at 19. The visa sanctions were then subsequently announced on September 13, 2017. Dkt. 68-3 at 2.

*Second*, Advancement Project insists that the three cables could not have been pre-decisional because the Department of State was compelled to instruct its consular officers to stop issuing visas when the Secretary of Homeland Security determined that a foreign government had delayed accepting foreign nationals who had been ordered removed from the United States. Dkt. 68 at 19–20. Again, however, these cables predate rather than postdate the announcement of sanctions. Further, Advancement Project entirely ignores the description of the content of the partially redacted cables. Nothing about those descriptions (or the portions of the records released

3

to Advancement Project) indicates that the cables merely perform the ministerial function of instructing consular officers to discontinue issuing visas. Instead, the cables followed diplomatic discussions with foreign officials regarding the repatriation of removed nationals and the redacted portions contain analyses informing next steps in the Department's diplomatic efforts. Dkt. 64-3 at 15, 19. Advancement Project fails to engage with the actual content of the cables as set forth in the *Vaughn* index and makes no argument that it is not deliberative as described.[2]

B.      Exemption 7(E)

The Department of State also withheld information from five cables sent to foreign embassies about the discontinuation of visa issuances at those embassies. Dkt. 64-1 at 24–25. The withheld information would risk circumvention of the law in two ways. For one, the withheld information comprises specific guidance to consular officers about the internal processing of visa applications and could be used by applicants to fraudulently tailor their applications to improperly enhance their chance of success. *Id.* at 25–26. In addition, the withheld information would reveal which information is included in the Department of State's Consolidated Consular Database ("CCD"). *Id.* at 26. This could allow visa applicants to gain an unwarranted advantage, and it could aid criminals attempting to improperly access CCD information. *Id.*

Advancement Project contends that the Department of State has failed to show that the records were created for a law enforcement purpose, failed to show that they would disclose a technique or procedure, and failed to demonstrate any risk of circumvention of the law. Dkt. 68 at 14–17. These assertions do not withstand scrutiny.

---

[2]     Nor does Advancement Project argue that the Department's *Vaughn* index is vague or conclusory. To the contrary, Advancement Project acknowledges that "State has produced a very creditable *Vaughn* index." Dkt. 68 at 9.

On the first point about the law enforcement purpose of the records, Advancement Project makes virtually no argument at all. The Department of State demonstrated that visa adjudication is a civil law enforcement function and that all the records at issue were created for that purpose. Dkt. 64-1 at 25. In response, Advancement Project does nothing more than to insist, with no elaboration, that the Department of State "cannot" show that it was exercising a law enforcement purpose when creating the documents at issue. Dkt. 68 at 15–16. This lackluster response neither addresses much less rebuts the Department's showing.

Next, Advancement Project disputes that the withheld portions of the records would reveal a law enforcement technique or procedure. Dkt. 68 at 16–17. In making this argument, Advancement Project relies entirely on the content of the records that were released in full, which it characterizes as showing that "none of the communications in the period after September 9 involved any discussion of the specific procedures that the consular officers were to use in carrying out the mandate set forth in the September 10 press release." *Id.* at 16. (Advancement Project presents none of these documents as exhibits and does not cite any document in particular.) But Advancement Project makes no effort to explain how the content of some unidentified documents released in full informs the content of the withheld portions of entirely different records. And again, Advancement Project does not contend that the Department of State's *Vaughn* index is insufficiently detailed or that the records as actually described do not satisfy the requirements of the exemption.

Finally, Advancement Project argues that the withheld techniques and procedures would not risk circumvention of the law. Dkt. 68 at 17. In making this argument, Advancement Project relies on a single case from another district, which it presents as supporting the proposition that the release of information explaining the grounds for visa eligibility may not result in a risk of

5

circumvention of the law. Dkt. 68 at 17 (citing *Knight First Amend. Inst. at Columbia Univ. v. Dep't of Homeland Sec.*, 407 F. Supp. 3d 311, 332 (S.D.N.Y. 2019)). But the case at hand is substantially different from *Knight*. In *Knight*, the Department of State had withheld certain defined terms in its *Foreign Affairs Manual*, which it admitted generally consisted of established policy statements. 407 F. Supp. 3d at 333. Here, by contrast, the Department withheld not generally applicable policies, but specific guidance to consular officers about the internal processing and adjudication of visa applications. Dkt. 64-3 at 16–17. Further, the Department showed that the withheld material would reveal which specific information is omitted from or included in the CCD (a nonpublic law enforcement database), which would both allow applicants to game the system and aid criminals seeking unauthorized access. *Id.* Advancement Project makes no effort to demonstrate how these particular concerns are insufficient under Exemption 7(E).

**II.      ICE properly withheld exempt information.**

Advancement Project insists that ICE's explanations for its withholdings still fall short. With respect to the draft documents, Advancement Project paints the testimony in ICE's supplemental declaration as consisting entirely of "naked assertions." Dkt. 68 at 21. To the contrary, ICE described in detail that the withheld documents were drafts that were never finalized. Dkt. 64-4 at 5–7 (Pineiro Decl. ¶¶ 14–19). In particular, ICE explained that the drafts include recommendations for visa sanctions against two countries that were ultimately not included in the final visa sanction announcement. Dkt. 64-4 at 6–7 (Pineiro Decl. ¶ 19). Given that the drafts include recommendations that were clearly never implemented, Advancement Project cannot possibly establish that they are final, decisional records.

As for the briefing document and talking points, Advancement Project simply asserts, without any analysis whatsoever, that ICE's supplemental declaration "fails" to support its

invocation of Exemption 5. Dkt. 68 at 22. Contrary to this feeble assertion, ICE has in fact explained in detail that the talking points and briefing document were used to prepare high level officials for meetings with the President and congressional testimony and that similar records have been frequently found by courts in this district to be pre-decisional and deliberative. Dkt. 64-1 at 28 (citing *Jud. Watch, Inc. v. Dep't of State*, 306 F. Supp. 3d 97, 115 (D.D.C. 2018)).

With regard to ICE's withholdings under Exemption 7(E), Advancement Project again simply insists that ICE comes up short. Dkt. 68 at 22. Advancement Project ignores, however, that ICE explained that the withheld information would disclose procedural aspects of ongoing ICE investigation efforts, including how ICE is or will be conducting the operation, when ICE will conduct the operations, and who will be targeted. This information would allow criminals to determine the focus and concentration of ICE's enforcement efforts and thereby avoid detection. Dkt. 64-4 at 8–11 (Pineiro Decl. ¶¶ 25–30). It is therefore properly withheld from release.

\*     \*     \*

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Department of State and ICE's opening brief, the Court should grant the motion of the Department of State and ICE, deny Advancement Project's motion, and enter judgment in favor of the Department of State and ICE.

Dated: October 29, 2021
Washington, D.C.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for Defendant*