UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ADVANCEMENT PROJECT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 19-0052 (RC) |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND | ) | |
| SECURITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## RENEWED MOTION FOR SUMMARY JUDGMENT BY U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT

Defendant U.S. Immigration and Customs Enforcement ("ICE") respectfully renews its motion for summary judgment on Plaintiff Advancement Project's claims under the Freedom of Information Act ("FOIA"), pursuant to this Court's Memorandum Opinion ("Opinion," ECF No. 75) and Order (ECF No. 74). As demonstrated in the supplemental declaration submitted by ICE as well as the documents already submitted for *in camera* review, ICE's segregability analysis of the pertinent records was appropriate and the records were properly withheld.

## INTRODUCTION

Plaintiff Advancement Project, through FOIA, sought records from several agencies, including the Department of State and ICE, related to visa sanctions imposed in 2017 on the countries of Cambodia, Eritrea, Guinea, and Sierra Leone. This Court granted summary judgment to the Department of State, and mostly granted summary judgment to ICE; the only remaining issue is the question of whether ICE properly segregated non-exempt information from two particular records (2019-ICLI-00015-265-66 and 2019-ICLI-00015-428-44), which

this Court has already found were properly subject to Exemption 5.  *See* Opinion at 9-11 (ECF No. 75).

## BACKGROUND

ICE respectfully refers the Court to its two prior Motions for Summary Judgment (ECF Nos. 45, 64) and this Court's own rulings (ECF Nos. 61, 75) rather than belabor the facts already presented.  As the only remaining issue before this Court is the limited question of segregability of two records, ICE focuses the discussion there.

The two records in question are "six White Papers, and [an] additional draft White Paper."  2d Pineiro Decl. ¶ 17 (ECF No. 64-4).  ICE previously explained that two of the six countries referenced in the records were not included among those sanctioned in September 2017, and thus were recommendations that had "died on the vine."  Opinion at 9.  Because the records are "predecisional and deliberative," the Court ruled that Exemption 5 had properly been applied—file names as "final" notwithstanding—and that ICE had met its burden with respect to the exemption.  The Court noted, however, (Opinion at 10-11) that it needed additional evidence from ICE regarding the segregability of these documents, especially as two of them appeared to relate to countries that had not been sanctioned.  The Court also ordered ICE to produce the two records for *in camera* review, which ICE has now done.

## LEGAL STANDARDS

This Court has already approved ICE's reliance on Exemption 5 with respect to the two records in question.  The only remaining issue before the Court, therefore, is whether some portion of the records might be segregable, or if the documents should be withheld in full as ICE argues.

"FOIA mandates that '[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt.'"  *Elec.*

*Priv. Info. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 11-1945, 2012 WL 13214276, at *1 (D.D.C. May. 11, 2012) (quoting 5 U.S.C. § 552(b)).  "It has long been a rule in this Circuit that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions."  *Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).  An agency is presumed to have complied with the segregability requirement unless evidence is presented to the contrary.  *Sussman*, 494 F.3d at 1117.  If so, the burden shifts to the agency to show that it has not withheld segregable portions.  *Id.*

## ANALYSIS

The two records in question have properly been withheld in their entirety under Exemption 5.  That exemption, which codifies the deliberative process privilege, "protect[s] agencies from being 'forced to operate in a fishbowl.'"  *Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021) (quoting *EPA v. Mink*, 410 U.S. 73, 87 (1973)).  As applied, Exemption 5 protects "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and polices are formulated."  *Id.* (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)).

As this Court has already found (Opinion at 7-9), Exemption 5 was properly applied to the records, because they are predecisional recommendations that "died on the vine."  *See Petroleum Info. Corp. v. Dep't of Interior*, 976 F.2d 1429, 1434 (D.C. Cir. 1992).  If the record in question reflects "agency choices about what rationales, justifications, and limitations to provide—and which to leave out—in articulating an important agency decision," it will be protected, because "[d]ebate and discussion about such statements precede—are predecisional to—the actual determination of how best both to define the scope and contours of the new policy, and to persuasively communicate its terms and rationale to the public."  *Campaign Legal Ctr. v. Dep't of Just.*, 34 F.4th 14, 24 (D.C. Cir 2022).  A deliberative document is one that

"reflects the give-and-take of the consultative process." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).

As the Court can now determine from its *in camera* review, there is no way to segregate the content of the two records without disclosing information that is subject to Exemption 5. Contrary to Plaintiff's assertion, the analysis is not so simple as merely looking at the file names and determining which two countries (of the six) were not included in the final announcement. *Cf.* Opinion at 10-11.  Indeed, the fact that the records in question address six countries, only four of which were included in the final announcement, is a clear indication of their predecisional, deliberative value.  Disclosure of some or all the records with respect to any of the countries would permit a reader to draw inferences and make conclusions about ICE's deliberative process in determining whether and how to apply sanctions, and on which countries; it would subject ICE to the very "fishbowl" Exemption 5 was designed to protect against.  The content and analytical structure of each portion of the records in question—whether they pertain to a country ultimately included in the sanction announcement or not—reflects ICE's internal deliberations about the scope of the sanctions and the "give-and-take of the consultative process."

Indeed, as this Court can now tell from the *in camera* review, each of the analyses in the two records follows the same format and structure, and each applies the same predecisional matrix in reaching a recommendation.  There is no way to segregate any one country analysis, or any portion thereof, without necessarily providing insight into the same information for the countries or portions not so included.  But these are not the final recommendations, nor are they limited to only the four countries in the final announcement.  Requiring disclosure of any part of the records would necessarily interfere with ICE's choices on which "rationales, justifications,

and limitations to provide—and which to leave out—in articulating an important agency decision[.]" *Campaign Legal Ctr.*, 34 F.4th at 24.  It would, in short, undo the very protections of Exemption 5 that this Court has already found were properly applied.

## CONCLUSION

For the foregoing reasons, this Court should enter summary judgment in favor of Defendant ICE.

Dated: November 28, 2022
     Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar No. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:    */s/ Kartik N. Venguswamy*
KARTIK N. VENGUSWAMY
D.C. Bar No. #983326
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 252-1790
kartik.venguswamy@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ADVANCEMENT PROJECT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 19-0052 (RC) |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **PROPOSED ORDER**

Upon consideration of Defendant ICE's Renewed Motion for Summary Judgment, the briefs, and the record as a whole, it is hereby **ORDERED** that Defendant's motion is **GRANTED**. SO ORDERED.

_____
United States District Judge